THE PEOPLE *ex rel.* JOSEPHINE JONES, Petitioner-Appellee and Cross-Appellant, *v.* OTIS CARTLEDGE, Respondent-Appellant and Cross-Appellee.

Fifth District   No. 5—83—0306

Opinion filed June 8, 1984.

Edward Neville, of East St. Louis, for appellant.

Charles J. Kolker, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The respondent, Otis Cartledge, appeals from the judgment of the circuit court of St. Clair County which awarded petitioner, Josephine Jones, interest on past-due periodic child-support payments. The only issue respondent raises on appeal is whether the trial court could properly award interest on the payments. Petitioner cross-appeals from the court's denial of her prayer for attorney fees. We affirm.

On January 29, 1964, a complaint was filed in the circuit court of St. Clair County which alleged that Otis Cartledge was the father of John Jones, a child born out of wedlock on December 2, 1963. On February 27, 1964, after the court properly admonished respondent, respondent pleaded guilty to the complaint and the court ordered respondent to pay the sum of $30 every two weeks. On February 18, 1983, petitioner filed a motion to revive judgment which alleged that except for the sum of $90, respondent had failed to make any of the

child-support payments. Petitioner prayed for judgment of $13,751.80 past-due child support and for $10,128.78 for interest thereon. After a hearing, the court awarded judgment as prayed for by petitioner; however, the court denied her petition for attorney fees.

After an examination of the record in this case, we cannot say that the allowance of interest by the trial court constituted an abuse of discretion. For approximately 20 years petitioner was deprived of child-support money that was rightfully hers. For the same length of time, respondent enjoyed the use of the money. Respondent has maintained a fairly steady employment record at fairly well-paying jobs. For this reason alone, the trial court could have determined that an award of interest was appropriate. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 332, 410 N.E.2d 12, 19.) Although the *Finley* case dealt with interest on past-due periodic support payments in the context of a dissolution of marriage case, we find no reason to vary the rule for interest on past-due periodic support payments in the context of paternity proceedings. We therefore conclude that the allowance of interest on past-due periodic support payments is not mandatory, but lies within the sound discretion of the trial court, whose determination will not be set aside absent an abuse of discretion. We find no abuse of discretion in the record here presented.

The allowance of attorney fees is within the trial court's discretion, and such an award will not be reversed unless the trial court has clearly abused its discretion. (See *In re Marriage of Rizzo* (1981), 95 Ill. App. 3d 636, 651, 420 N.E.2d 555, 566.) Due to the amount of the judgment awarded by the trial court, we believe that petitioner is able to pay her attorney fees and that the court did not abuse its discretion in denying the same.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

KASSERMAN and JONES, JJ., concur.